United States District Court
Southern District of Texas
**ENTERED**
January 11, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HC4, INC. EMPLOYEE STOCK OWNERSHIP PLAN, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | Civ. A. H-15-0872 |
| HC4, INC. AND TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | § § § § | |
| Defendants, | § § | |

**OPINION AND ORDER**

Pending before the Court in the above referenced cause for breach of contractual obligations under two bonds, a Wrap Plus Policy No. 061-LB-105873737 ("the Policy") and ERISA Compliance Bond No. 105769724 ("the Bond"), and breach of fiduciary duty owed to Plaintiff HC4, Inc. Employee Stock Ownership Plan (the "ESOP")[1]

---

[1] The ESOP is a stock bonus plan under Section 401(a) of the Internal Revenue Code of 1986 ("IRC") and an employee stock ownership plan under Section 4975(e)(7) of the IRC and Section 407(d) to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1107(d). Section 4975(e)(7) of the IRC defines an ESOP in relevant part as follows:

> **Employee stock ownership plan.**--The term "employee stock ownership plan" means a defined contribution plan–
>
> (A) which is a stock bonus plan which is qualified, or a stock bonus and a money purchase plan both of which are qualified under section 401(a), and which were designed to invest primarily in qualifying employer securities; and
>
> (B) which is otherwise defined in regulations prescribed by the Secretary [of Labor].

The Petition (#1-1 at §¶7, 11) identifies Defendant HC4 (and its directors, officers, and employees) as the fiduciaries of the ESOP

by Defendant HC4 removed from state court on federal question and supplemental jurisdiction by Defendant Travelers Casualty and Surety Company of America ("Travelers"), are Defendant HC4, Inc.'s ("HC4's") motion to dismiss for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6) and for want of jurisdiction under Federal Rule of Civil Procedure 12(b)(1)(instrument #6); and (2) Defendant HC4, Inc.'s unanswered motion pursuant to Federal Rule of Civil Procedure 21 to sever the ESOP's claims against HC4 from those against Travelers (#13).

**HC4's Motion to Dismiss (#6)**

*Standard of Review*

When a district court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011), *citing Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).  The plaintiff's legal conclusions are not entitled to the same assumption. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."), *citing Bell Atlantic Corp. v. Twombly*, 556 U.S. 662, 678 (2007); *Hinojosa v. U.S. Bureau of Prisons*, 506 Fed. Appx. 280, 283 (5th Cir. Jan. 7, 2012).

---

that was supposed to provide the ESOP's participants with an opportunity to accumulate capital for their future economic security, but instead left them with a worthless ESOP.

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965, *citing* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). "*Twombly* jettisoned the minimum notice pleading requirement of *Conley v. Gibson*, 355 U.S. 41 . . . (1957)["a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"], and instead required that a complaint allege enough facts to state a claim that is plausible on its face." *St. Germain v. Howard*,556 F.3d 261, 263 n.2 (5th Cir. 2009), *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)("To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"), *citing Twombly*, 127 S. Ct. at 1974). "'A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Montoya v.*

-3-

*FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5th Cir. 2010), *quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard is not akin to a "probability requirement," but asks for more than a "possibility that a defendant has acted unlawfully." *Twombly*, 550 U.S. at 556. Dismissal is appropriate when the plaintiff fails to allege "'enough facts to state a claim to relief that is plausible on its face'" and therefore fails to "'raise a right to relief above the speculative level.'" *Montoya*, 614 F.3d at 148, *quoting Twombly*, 550 U.S. at 555, 570.

In *Ashcroft v. Iqbal*, 556 U.S. at 679, the Supreme Court stated that "only a complaint that states a plausible claim for relief survives a motion to dismiss," a determination involving "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" under Rule 12(b). *Iqbal*, 129 S. Ct. at 1949. The plaintiff must plead specific facts, not merely conclusory allegations, to avoid dismissal. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). "Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief . . . ." *Rios v. City of Del Rio, Texas*, 444 F.3d 417, 421 (5th Cir. 2006), *cert. denied*, 549 U.S. 825 (2006).

As noted, on a Rule 12(b)(6) review, although generally the court may not look beyond the pleadings, the Court may examine the complaint, documents attached to the complaint, and documents attached to the motion to dismiss to which the complaint refers

and which are central to the plaintiff's claim(s), as well as matters of public record. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC,* 594 F.3d 383, 387 (5th Cir. 2010), *citing Collins*, 224 F.3d at 498-99; *Cinel v. Connick*, 15 F.3d 1338, 1341, 1343 n.6 (5th Cir. 1994). Here HC4 has attached a copy of the ERISA plan to its Petition, #1-1.

Rule 12(b)(1) allows a party to move for dismissal of an action for lack of subject matter jurisdiction. The party asserting that subject matter exists, here the plaintiff, must bear the burden of proof by a preponderance of the evidence for a 12(b)(1) motion. *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). In reviewing a motion under 12(b)(1) the court may consider (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) is characterized as either a "facial" attack, i.e., the allegations in the complaint are insufficient to invoke federal jurisdiction, or as a "factual" attack, i.e., the facts in the complaint supporting subject matter jurisdiction are questioned. *In re Blue Water Endeavors, LLC,* Bankr. No. 08-10466, Adv. No. 10-1015, 2011 WL 52525, *3 (E.D. Tex. Jan. 6, 2011), *citing Rodriguez v. Texas Comm'n of Arts*, 992 F. Supp. 876, 878-79 (N.D. Tex. 1998), *aff'd*, 199 F.3d 279 (5th

Cir. 2000).  A facial attack happens when a defendant files a Rule 12(b)(1) motion without accompanying evidence.  *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).  In a facial attack, allegations in the complaint are taken as true.  *Blue Water*,  2011 WL 52525 at *3*, citing Saraw Partnership v. United States*, 67 F.3d 567, 569 (5th Cir. 1995).

If it is a factual attack, the Court may consider any evidence (affidavits, testimony, documents, etc.) submitted by the parties that is relevant to the issue of jurisdiction.  *Id., citing Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir. 1989).  A defendant making a factual attack on a complaint may provide supporting affidavits, testimony or other admissible evidence.  *Patterson v. Weinberger*, 644 F.3d 521, 523 (5th Cir. 1981).  The plaintiff, to satisfy its burden of proof, may also submit evidence to show by a preponderance of the evidence that subject matter jurisdiction exists.  *Id*.  The court's consideration of such matters outside the pleadings does not convert the motion to one for summary judgment under Rule 56(c). *Robinson v. Paulson*, H-06-4083, 2008 WL 4692392 at *10 (S.D. Tex. Oct. 28, 2008), *citing Garcia*, 104 F.3d at 1261.  "Unlike in a facial attack where jurisdiction is determined upon the basis of allegations of the complaint, accepted as true[,] when a factual attack is made upon federal jurisdiction, no presumption of truthfulness attaches to the plaintiffs' jurisdictional allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In a factual attack, the plaintiffs have the burden of proving

-6-

that federal jurisdiction does in fact exist." *Evans v. Tubbe*, 657 F.2d 661, 663 (5th Cir. 1981).  In resolving a factual attack on subject matter jurisdiction under Rule 12(b)(1), the district court, which does not address the merits of the suit,[2] has significant authority "'to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *Robinson v. Paulson*, No. H-06-4083, 2008 WL 4692392, *10 (S.D. Tex. Oct. 22, 2008), *quoting Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997), and *citing Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986).

**Defendant HC4's Argument**

HC4 argues that the ESOP is the ERISA plan itself, not a plan participant, beneficiary, or fiduciary, and as such, lacks

---

[2] As the court explained in *Taylor v. Dam*, 244 F. Supp. 2d 747, 753 (S.D. Tex. 2003),

It is well settled that "a district court has broader power to decide its own right to hear the case than it has when the merits of the case are reached." [*Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.). *cert. denied*, 454 U.S. 897 (1981).] "Jurisdictional issues are for the court--not the jury--to decide, whether they hinge on legal or factual determinations. *Id.* To determine whether jurisdiction exists, the court will generally resolve any factual disputes from the pleadings and the affidavits submitted by the parties. *See Espinoza v. Missouri Pac. R.R. Co.*, 754 F.2d 1247, 1248 n.1 (5th Cir. 1985). The court may also conduct an evidentiary hearing and "may hear conflicting written and oral evidence and decide for itself the factual issues which determine jurisdiction." *Williamson*, 645 F.2d at 413; *see Menchaca v. Chrysler Credit Corp.*,613 F.2d 507, 511-12 (5th Cir.), *cert. denied*, 449 U.S. 953 . . . (1980).

standing to bring this suit.  HC4 asserts that the ESOP's only
pleaded causes of action, found in ¶¶ 9-13 of the Petition (#1-1),
are for "Statutory Violations" and "Breach of Fiduciary Duty."
HC4 contends that these constitute the same cause of action
because  only one cause of action is cognizable, i.e., the
statutory claim under ERISA for a plan fiduciary's liability under
29 U.S.C. § 1109(a) for breach of a fiduciary duty imposed by 29
U.S.C. § 1104(a).[3]

_____

> [3] Section 1104(a)("Fiduciary duties") provides,
>
> (a) Prudent man standard of care
>
> (1) Subject to sections 1103(c) and (d),
> 1342, and 1344 of this title, a fiduciary
> shall discharge his duties with respect to a
> plan solely in the interest of the
> participants and beneficiaries and-
>
>> (A) for the exclusive purpose of:
>>
>>> (i) providing benefits to
>>> participants; and
>>>
>>> (ii) defraying reasonable expenses of
>>> administering the plan;
>>
>> (B) with the care, skill, prudence,
>> and diligence under the
>> circumstances then prevailing that
>> a prudent man acting in a like
>> capacity and familiar with such
>> matters would use in the conduct of
>> an enterprise of a like character
>> and with like aims;
>>
>> (C) by diversifying the investments of
>> the plan so as to minimize the risk of
>> large losses, unless under the
>> circumstances it is clearly prudent not
>> to do so; and
>>
>> (D) in accordance with the documents and
>> instruments governing the plan insofar
>> as such documents and instruments are

The only parties with standing to bring a claim under § 1109(a)[4] are plan participants and plan beneficiaries to whom fiduciary obligations are owed.  *Local 159 v. Nor-Cal Plumbing Inc.*, 185 F.3d 978, 982 (9th Cir. 1999)(observing that "in providing that 'a person is a fiduciary with respect to a plan,' the statute suggests that the 'person' and the plan' must be separate entities," and holding that union trust funds did not have fiduciary responsibility over separate ERISA plans so as to be a fiduciaries entitled to bring an ERISA action where the trust agreement and the trust funds' complaint treated funds and plans as one and the same.).  Section 502(a)(3), 29 U.S.C. § 1132(a)(3), expressly grants standing only to "a participant, beneficiary, or

---

consistent with the provisions of this subchapter and subchapter III of this chapter.

HC4 points out that the ESOP miscited 29 U.S.C. § 1104 as "§ 404" and "§ 409," apparently referring to Pub. L. 93-406, title I, §§ 404 and 409.  In ¶9 under the first cause of action the ESOP also cited claims under "§ 502(a)(3)," 29 U.S.C. § 1132(a)(3), which provides injunctive and equitable relief in addition to the monetary relief afforded in section 1109(a).

[4] Section 1109(a) provides,

Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.  A fiduciary may also be removed for a violation of section 1111 of this title.

fiduciary."   Conceding there is conflict among cases regarding the standing of a plan to sue as a plaintiff under § 1132,[5] HC4 objects that the ESOP does not allege any facts to support its standing to sue as a participant, beneficiary or fiduciary under 29 U.S.C. §§ 1109(a) or 1132(a)(3).[6]   HC4 observes that courts usually have found such standing only when they find that the plan was acting as a fiduciary to the participants or where the plan was suing for enforcement of contributions under 11 U.S.C. § 1145 in a multi-employer plan context.   *See Louisiana Bricklayers & Trowel Trades Pension Fund & Welfare Fund v. Alfred Miller General Masonry Contracting Co.*, 157 F.3d 404, 406 n.3 (5th Cir. 1998). Usually a fund is not a fiduciary.   *Local 159 v. Nor-Cal, Inc.*, 185 F.3d a 982.   Not only is a plan differentiated from the plan administrator, which is a fiduciary to the plan and its participants and beneficiaries, but a trust fund of a plan is also not a fiduciary.   *Id.*

---

[5] *See In re Enron Corp. Securities, Derivative & "ERISA" Litig.*, No. MDL 1446, Civ. A. H-01-3913, 2006 WL 1662596, at *5-6 (S.D. Tex. June 6, 2006).

[6] Section 1132(a)(3) states,

(a) Persons empowered to bring a civil action

A civil action may be brought-- . . .

> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

-10-

As a result of the ESOP's lack of standing to sue under § 1109(a) or 1132(a)(3), insists HC4, this Court lacks subject matter jurisdiction and must dismiss the suit under Rule 12(b)(1).[7]

**_The ESOP's Response (#9)_**

The ESOP responds that HC4's charges that the ESOP is not a fiduciary are incorrect. ERISA "defines 'fiduciary' not in terms of formal trusteeship, but in _functional_ terms of control and authority over the plan, see 29 U.S.C. § 1002(21)(A),[8] thus expanding the universe of persons subject to fiduciary duties--and to damages--under § 409(a)." _Mertens v. Hewitt Assocs._, 508 U.S. 248, 262 (1993)(emphasis in original); _in accord Credit Managers_

---

[7] This Court notes that the Ninth Circuit has held that "a federal court has no jurisdiction to hear a civil action under ERISA that is brought by a person who is not a 'participant, beneficiary, or fiduciary.'" _Harris v. Provident Life & Accident Ins. Co._, 26 F.3d 930, 933 (9th Cir. 1994), _citing Franchise Tax Bd. v. Construction Laborers Vacation Trust_, 463 U.S. 1, 27 (1983).

[8] Section 1002(21)(A) states,

Except as otherwise provided in subparagraph (B), a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan. Such term includes any person designated under section 1105(c)(1)(B).

*Ass'n v. Kennesaw Life & Accident Ins. Co.*, 809 F.2d 617, 625-26 (9th Cir. 1987).

The ESOP argues that HC4's reliance on *Local 159*, 185 F.3d at 982, to claim that the ESOP is not and can never be a fiduciary, is erroneous because that case dealt solely with the issue of whether or not a trust fund could sue for Section 1109 violations, and the court said no.  The ESOP observes that in *Local 159* the Ninth Circuit cites other circuit cases that have held that "the Plan, as a party before the court, necessarily includes those who must act for the plan to administer it and to effectuate its policies," and because the Plan's administrators exercised discretionary control over the Plan, "the Plan, as a party, then comes under the ERISA definition of a 'fiduciary.'" *Local 159*, 185 F.3d at 982-83.  *See Saramar Aluminum Co. v. Pension Plan for Employees of the Aluminum Indus. And Allied Indus.*, 782 F.2d 577, 581 (6th Cir. 1986)("The Plan, as the party before the court, necessarily includes those who must act for the Plan to administer it and to effectuate its policies."); *Louisiana Bricklayers*, 157 F.3d at 406 n.3. (treating an ERISA action brought by a benefit plan as an action brought by the plan's trustees:  "As fiduciaries, the trustees of a multiemployer benefit plan may maintain a cause of action under section 502(a)(3) of ERISA."), *citing Laborers Health and Welfare Trust Fund v. Advanced Lightweight Concrete Co.*, 484 U.S. 539, 547 (1988).[9]  Section 515 of ERISA, describes the employer's

---

[9] *See also Peoria Union Stock Yards Ci. Retirement Plan v. Penn Mutual Life Ins. Co.*, 698 F.2d 320, 325, 326 (&th Cir.

contractual obligation to make contributions and permits them to be enforced by the trustees of a plan by bringing an action in federal district court pursuant to § 502 and 29 U.S.C. § 1002(2)(A).

The ESOP agrees that there is a split among the courts as to whether pension or benefit plans have standing to bring suits for breach of fiduciary duty under ERISA, but it emphasizes that the Fifth Circuit did not adopt the holding of *Local 159*, nor is it binding on the Fifth Circuit. This Court notes that the Ninth Circuit has recognized that the Fifth Circuit in *Louisiana Bricklayers* treated the ERISA action brought by the benefit plan as an action brought by the plan's trustees, but because of an earlier Ninth Circuit case, *Steen v. John Hancock Mutual Life ins. Co.*, 106 F.3d 904, 917 (9th Cir. 1997), it determined that it was not free to follow the Fifth and Sixth Circuits. *Local 159*, 185 F.3d at 983.

Since "fiduciary" is defined by the statute in functional terms, the ESOP argues that the Petition, #1-1 at ¶ 11 pleaded sufficient facts to support its claim that it was functioning as, and had the control and the authority over the assets of plan of, a fiduciary:

> The purpose of the ESOP was to provide its participants with an opportunity to accumulate capital for their future economic security without any deductions from the participants' paychecks and without requiring

---

1983)("ERISA confers on pension plans standing to sue for breach of fiduciary obligations under EISA" and "[t]he participants, the trustees and the plan itself have standing to complain" of such violations).

> them to invest their personal savings. The
> ESOP is administered by HC4 and an
> Administrative Committee . . . for the
> exclusive benefit of the participants and
> their beneficiaries. . . . Rather than
> provide for the ESOP participants['] future
> economic security, the ESOP fiduciaries
> conduct and omissions essentially left the
> ESOP participants with a worthless ESOP.

***Court's Decision***

As a matter of law, the Court agrees with the ESOP's argument that under *Louisiana Bricklayers* and Section 515 of ERISA, the ESOP has standing to sue for diminishment of the stock plan's assets over which it had authority and control to administer the investment of the Plan's assets under the terms of the Plan (#1-1). Accordingly, the Court will deny the motion to dismiss.

### HC4's Motion for Severance (#13)

***Standard of Review***

Federal Rule of Civil Procedure 21 provides,

> Misjoinder of parties is not a ground for
> dismissing an action. On motion or on its
> own, the court may at any time, on just
> terms, add or drop a party. The court may
> also sever any claim against a party.

The district court has broad discretion to sever claims and parties in a lawsuit. *Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000). "Severance under Rule 21 creates two separate actions or suits where previously there was but one. Where a single claim is severed out of a suit, it proceeds as a discrete, independent action, and a court may render a final, appealable judgment in either one of the resulting two

actions notwithstanding the continued existence of unresolved claims in the other." *United States v. O'Neill*, 709 F.2d 361, 368 (5ᵗʰ Cir. 1983).

The Court should examine Fed. R. Civ. P. 20(a) to determine if the parties have been misjoined and should therefore be severed. *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5ᵗʰ Cir. 2010). Rule 20(a) permits individuals to "join in one action as plaintiffs if (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action."

The Fifth Circuit has not adopted a particular test to decide what is "the same transaction or occurrence" under Rule 20(a). *Lodsys, LLC v. Brother Intern. Corp.*, No. 2:11-cv-90-JRG, 2012 WL 760729, at *2 (E.D. Tex. Mar. 8, 2012). Several of its district courts have used the Eighth Circuit's "logically related" test for the "same transaction" requirement in *Moseley v. GMC*, 497 F.2d 1330, 1332-33 (8ᵗʰ Cir. 1974)("[A]ll 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence"; "as used in Rule 20 [the terms] would permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary.")(citing 7 C. Wright, *Federal Practice and Procedure* § 1653 at 270 (1972). *Id.* The "common question" can be satisfied by the presence of only a single one. *Texas*

-15-

*Instruments, Inc. v. Citigroup Global Markets, Inc.*, 266 F.R.D. 143, 148 (N.D. Tex. 2010)("Texas Rule 40 provides that defendants may be joined together in the same action only if (1) 'there is asserted against them jointly, severally, or in the alternative any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences;' and (2) at least one 'question of law or fact common to all of them will arise in the action.'"(citing inter alia Tex. R. Civ. P. 40(a), and 7 *C. Wright, A. Miller, & M. Kane,* Federal Practice & Procedure § 1653 (3d ed. 2002).

In *In re Rolls Royce Corp.,* 775 F.3d 671, 680 n.40 (5th Cir. 2014), the Fifth Circuit acknowledged that while it has not yet adopted a test for severance, a number of its district courts have applied the five-factor test in *Paragon Office Servs., LLC v. UnitedHealthcare Ins. Co.*, No. 3:11-CV-2205-D, 2012 WL 4442368, at *1 (N.D. Sept. 26, 2012): "(1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims."  "'[S]everance will be refused if the court believes that it only will result in delay, inconvenience, or added expense.'"  *Id., quoting* Wright & Miller, *Fed. Prac. & Proc.* § 1689 (3d ed. 2004).  "'Under the Rules, the impulse is towards entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies

is strongly encouraged.'"   *Acevedo*, 600 F.3d at 521,   *quoting*
*United Mine Workers v. Gibbs*, 383 U.S. 714, 724 (1966).

Under Local Rule 7.4, "Failure to respond [to a pending motion] will be taken as a representation of no opposition."   The nonmovant must respond within twenty-one days after the motion is filed.  L.R. 7.4(A).  Here the motion for severance was filed on September 16, 2015, but the ESOP has still not filed a response.

***HC4's Arguments (#13)***

HC4 raises a number of arguments in support of its motion.  First, HC4 points out that the claims against it (breach of fiduciary duty arising from an alleged failure to adequately investigate the financial situation of a company with which HC4 is merging) do not arise out of the same transaction or occurrence as those against Travelers (breach of the insurance agreement and violations of the Insurance Code and the Deceptive Trade Practices Act arising from an alleged failure to pay a covered claim under an insurance policy).

Second, HC4 maintains that there are no common questions of law or fact between the two sets of claims, so this factor weighs in favor of severance.  The claims against HC4 involve the due diligence conducted in its merger and its post-merger oversight of the principal of the company with which it merged, and the applicable law is solely ERISA.  For the claims against Travelers the focus is on the ESOP's claim submitted to Travelers, the insurance policy involved, and the denial of that claim, while the relevant law is contract law, the Texas Insurance Code, and the Texas Deceptive Trade Practices Act.

-17-

Third, HC4 argues that settlement of the claims or judicial economy would be facilitated by severance. One significant factor is that the claims against HC4 are under ERISA and therefor nonjury, and they are based on factual allegations about HC4's due diligence and investigation of the entities it merged with and the impact and effect of the merger on the ESOP. In contrast, the claims against Travelers are jury claims.

Fourth, HC4 urges that prejudice will be avoided by severance as the simultaneous conduct of HC4's insurance carrier would only confuse the issues as to HC4 and Travelers' conduct has no bearing on HC4's conduct relating to the ESOP. The Court, however, would point out that since the ERISA claims are tried to the Court, there would not be significant confusion.

Finally HC4 contends that different witnesses and documentary proof are required for the claims against HC4 and Travelers.

***Court's Decision***

After reviewing the petition and the motion, the Court finds that HC4's first, second, third, and fifth grounds are well taken and concludes that the motion to sever should be granted.

Since the Court has only supplemental jurisdiction over the claims against Travelers, the question might arise whether those claims should be remanded. The Fifth Circuit has observed that 28 U.S.C. § 1447(c)("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."), by its own terms, is restricted to

-18-

motions, not issues. *Schexnayder v. Entergy Louisiana, Inc.*, 394 F.3d 280, 284 (5th Cir. 2004). "[W]ithout a motion from a party, the district court's remand order is not authorized by § 1447(c)." *Id.* Moreover, in *In re Allstate Ins. Co.*, 8 F.3d 219, 222-23 (5th Cir. 1993), when asked if the word "motion" refers also to *sua sponte* remands, the Fifth Circuit concluded that it related only to motions by parties. *Id.* Furthermore, "'[w]here a removed plaintiff by its inaction, has acquiesced in federal jurisdiction . . . it will hardly do for the court *sua sponte* to interfere with the parties' apparent choice of forum.'" *Id. (and cases cited therein), quoting Allstate* at 223. Thus remand under these circumstances is not permissible.

### Court's Order

Accordingly, for the reasons stated above, the Court

ORDERS that HC4's motion to dismiss (#6) is DENIED, and its motion for severance of the claims against Travelers is GRANTED. The Clerk of the Court shall assign a new case number to the claims against Travelers.

**SIGNED** at Houston, Texas, this 11th day of January, 2016.

_____

MELINDA HARMON
UNITED STATES DISTRICT JUDGE